One of the questions that I'm sure you're going to address this, but it came up at the district court as well, what does the court look at for purposes of the remand removal issue? Just the four corners of the complaint that was filed in state court that clearly seemed to be state claims, or may the court go outside of the complaint, and if so, what other things can the court consider? Your Honor, the case law makes clear that a court may look outside the four corners of the complaint because the well-pleaded complaint rule that makes a plaintiff the master or mistress of her own action has as its corollary the artful pleading doctrine, which means that you cannot leave out the basis for federal claim or a federal question simply by artful pleading. And so not only does the statute make reference to additional documents filed, amended complaints, motions and the like, but I would say to the court the decision in, I'm going to mispronounce it, EAC National versus Exxon Corporation from this court in 1994 holding that a reply brief constitutes the other paper justifying removal. I would also cite, Judge Marshall, to the court's opinion in Felton v. Unisource Corporation, that was the Ninth Circuit in 1991, which affirmed federal removal based on deposition testimony. So I think the law is clear that where the complaint does not necessarily disclose the basis for federal jurisdiction, one may look to other documents such as a reply brief, such as an amended complaint or such as deposition testimony. Do you think that's a non-issue in this case? I do think that is a non-issue in this case. So the district court was aware that neither complaint included a copyright claim? Correct. And the district court was aware that at preliminary injunction time, opposing counsel had relied in part on a work-for-hire doctrine theory. It's hard to know. I can't tell the extent to which the court, other court, superior court, relied on that theory to grant the injunctive relief. But the district court was certainly aware of that history. Yes, the district court was. And there's more than that. I forgive me for interrupting you, but UCSD had also relied on copyright a couple of times in subsequent pleadings and in discovery responses, and the district court knew that. It knew all of that, Your Honor. And we would submit that the district court was correct in its first remand order, finding jurisdiction, and the district court never varied from that. Indeed, in its second remand order, the district court specifically rejected the argument that the remand had been some kind of a sham or a sham basis for jurisdiction. So your position is that the removal was proper? The removal was certainly proper, and so the district court found repeatedly. This case is on all fours with the court's decision in just med. But it's not, because in this case what they're saying is we have a copyright claim we could bring and we're not bringing it. Well, in just med, arguably. Well, how do you justify then? Well, if your position is that the removal was proper, then you are not arguing that it was just purely a state complaint with state claims. No, because under just med, as here, where you have state law claims which in turn depend on ownership, which was clear in all of the applications for an injunction, and along the way the regents repeatedly said that the only relevant issues in securing that injunction were ownership of the compilation of data and ownership of the underlying computer system. And there was no basis cited, nor could there be any basis, other than federal copyright law. Well, you know, you stake out that position, and it's a lot of real estate to defend, I think. I'm very curious about that, because you argue strenuously that the only way they can prevail on their existing remaining claims is if they can prove ownership, and that the only way they can prove ownership is through copyright. They respond, and I look, look, look. Where is the response? Where is the claim? And in their reply brief, there is one sentence, and I agree, it's brief, but it says, no, no, we're going to rely on copyright, forgive me, contract, state statute, and employer, employee, I think something like that. It's very vague, but that will be their problem on remand, I think. But what's wrong with that? Your Honor, is that it is clear that the materials we're dealing with here, which is a computer system, software code, and a compilation of data, are works protected by the federal copyright law. You're not disputing that. They agree. They could be asserting copyright, and they're not asserting it. It's a different question, please, counsel. I understand. My problem is, can you really defend the position you've taken, which is that the only way they would have the right to ownership or control is through copyright? Yes, I can. Okay. The cases I would cite for. Why not conversion? Well, conversion's been preempted, and it was preempted by the trial court precisely because the court found that these were works subject to the Copyright Act. Conversion of the data. Conversion of the data. But your argument, I think, is that all of your cases, including conversion, and the remaining part of conversion depends on ownership. Ownership under the copyright law. So you were going to say the cases that you think. . . I think the cases that prove this are cases like Feist, 499 U.S. 340, where the United States Supreme Court held that, with respect to a rural phone directory, they held that the listings themselves were not subject to copyright, and because they were not subject to copyright, they are also not subject to any conflicting state laws, because for the state to grant greater rights than Congress has granted under the federal copyright law or the federal patent law would conflict with the explicit scheme of federal protection. And that case is Sears Roebuck & Company v. Stifel Company, 376 U.S. 225. That case involved a poll lamp, and the United States Supreme Court in a decision by Justice Black held that because only Congress has the constitutional authority to make patent and copyright laws, allowing the state to provide further protection for materials which Congress has determined should be free, for instance, facts and ideas, would serve to block off from the public something which federal law has said belongs to the public. But these aren't telephone numbers, though. This isn't something Congress has determined should be free. We're talking about confidential patient data collected pursuant to this medical study. So it's really a tough fit, isn't it? Well, the compilation of data, facts, it's well established, Your Honor, as the Feist case and others, facts are not protectable. UCSD is not arguing that the facts here are not protectable. They're arguing that they belong to them. Well, and I think the complaint, to be fair, I think the complaint says with the sponsors of the study as well, right? It did initially. If you look at the briefing now, they've moved over to exclusive control in part, I assume, because the sponsors have assigned all their rights to USAID. Not moved over. We're looking at the first complaint, okay? And the first complaint says we own it with sponsors. It does. But it also says in securing that injunction, which I would point out to the court, they continue in their current brief to this court on pages 27 and 28 to take USC to task for not complying with an injunction which was specifically based on ownership. And in their briefs to get that injunction, they said the only relevant issues are whether the EDC system and underlying computer software and computer code and the ACS data are owned by plaintiff, the regents. In answering the question, are any of the defendants owners of this data or of this system, UCSD said no. The EDC system and the underlying software programs and the ADCS data is owned by the regents, and here they say the sponsors, as clearly set out in the Copyright Act and applicable federal regulations. Indeed, in the remand argument, in the first argument, Mr. Sharp, who's a very capable lawyer, was asked repeatedly, what is the property law basis here? And there is no property law basis because, Your Honor, states are not free to provide protection for materials which are within the scope of the Copyright Act, as these are here, but are specifically exempt from the ownership requirement. Right. And I'm not sure, though, in the posture of this case, whether that's your problem. I mean, it seems to me that they've, as I said, it seems like a really thin read, and I don't know how they're going to do it on remand, but isn't it their problem on remand since they will have clearly jettisoned any copyright claim? Well, it's their problem on remand, except for the fact that they have an injunction they're still trying to enforce, which I would argue is specifically and explicitly based on their demonstrated likelihood of success on the merits because plaintiff has demonstrated ownership and a right to control and manage certain data and systems. That's why the injunction may have been wrongfully entered. But the injunction continues to be enforced, and indeed they've attempted to enforce it in the federal court. The federal court did not. Absolutely, and that's what's so troubling, and the district court's got a footnote saying, hmm, might be fair to change that injunction now. But it hasn't been changed. And haven't appealed on the basis of judicial estoppel. Your Honor, the problem right now is that if we go back to the state court, the state court has once already, without any basis other than copyright law, issued an injunction. We had, let me count, nine motions pending at the time. Including the Albert motion. The Albert motion, forced summary judgment motions, and second briefing on a motion to clarify the injunction. Our concern, quite frankly. Now you're arguing abuse of discretion? An error of law is by definition abuse of discretion. So what's the error of law? The error of law is that the factors cited that allow a district court to remand are in 1367C. These factors under executive software are not illustrative. This is it. These are the four factors. And the only one that comes close to this case would be number three, C3. The district court has dismissed all claims over which it has original jurisdiction. Except we haven't dismissed any claims over which the court had original jurisdiction. And, indeed, unless we have done that, the way the statute is written and the way it's been interpreted by this court does not allow a court to decide on its own that it wants to, quote, get rid of the case. Indeed, in the executive software, they said we want to get rid of this case because our, among other reasons, our docket is very full. And this court said, no, no, no, you can't do it on that basis because we can't be sure what other basis you had. They reversed the remand. You want to reserve for a rebuttal? I am going to reserve right now.  Thank you so much. Good morning, Your Honors. May it please the court. Dan Sharp, Corlin Moring for Plaintiff and Appellee, the Regents of the University of California. This is an appeal from a discretionary remand order in a case in which the plaintiff has adamantly said repeatedly we're not bringing a copyright claim. And have repeatedly invoked copyright. No, we have not. Counsel, you have. The record shows. The district court sure thought you had. The word copyright, the superior court didn't mention copyright, nor did the defendants in the state court, nor did the nine summary judgment motions mention any dispute over copyright. Is there a copyright somewhere involved in the running of a research program? Sure, there are many. This is what is at issue here is a computer system, a tool that was used in running this research program. Now you're telling me what you think the district court should have found. But the district court's order tells me the district court thought that your client had invoked copyright. And even in the second order that is really the one we're looking at, he says I was right then and I'm right now. So if we want to focus on the first order, because I think that's the heart of the dispute, because the argument from USC is that the second order, remand order, was wrong because there has to be a copyright issue here as a matter of law. That's, I believe, their argument. Right, but isn't a tougher argument for them this? In that second order, the order says rather than forcing, it's on page five, rather than forcing a party to continue litigating a theory it no longer wants and preventing the advancement of weak claims, courts ought to encourage paring away of flawed claims. And he talks about the amend to complaint changing the complexion. If the district court's reasoning was that your client had effectively jettisoned a claim it didn't want anymore, that's error, isn't it? No. That really goes to the heart of the forum shopping that we worry about. Yes, exactly. Forum shopping is a central issue in this case. Let's talk about the computer system that's at issue here, what the defendants did. That's not answering my question. I'm sorry. If you want to talk about it, it's your time, but you're not answering the question. Okay. If you could redirect me to your question, I'll try and answer it. My worry, counsel, is, and it is your time, but my question is that in this second order, the district court is taking the position that, I think very clearly, that UCSC did invoke copyright. He thinks he was right then. That's why he had jurisdiction. Right. And then he's saying in the second order as I read it that he ought not get in your way, that the amended complaint has changed the complexion. I fully appreciate your argument is that you didn't have a copyright claim in the first or the second, but the district court's order says that he thinks you did and that this amended complaint changes the complexion and that I ought not require you to go forward on a weak claim that you don't want to go forward on anymore, and that's a forum shopping concern for me at least. Since we started out in state court, we're not shopping for a different court than we chose initially, and we're the master of our complaint and we can choose where to sue. I'm looking at the district court's reasoning. I'm trying to get you to respond about whether that's error, please. Yes. Well, in our view, yes, it is error because the premise of the analysis you just laid out is that the original complaint contained a copyright claim, and let me explain to you why that is wrong. You do take the position that it was improperly removed. Yes. It was improperly removed. There was no federal jurisdiction here ever. Bill, in your favor, do we have to decide that both of the orders were wrong then? No. Sorry, is that the first order was wrong? Forgive me. You don't have to. Your position is that it was. Yes, it is, but regardless of whether it was, Judge Benitez certainly had discretion to remand state law claims to state court where the plaintiff has said we're not relying on copyright law. As Your Honor pointed out, that's our problem. We're a master of our complaint. If they're right, we'll get back to state court and we'll lose because they'll have to. He clearly would have had discretion to do that, and district court judges do that all the time. They exercise their discretion to not exercise supplemental jurisdiction when a claim is lost, when it's dismissed. Yes. That's not what happened here. What he's saying is your team didn't want to go forward with the claim, that you were disavowing it, and since we're looking at that first complaint, your response, of course, is that it's not in the first complaint, but he's read it in there, and that's really the gist of it. What he doesn't do in this order, and by the way, I think this is a very close case. It doesn't really ñ it's not a neat fit, but what he doesn't do is look to 1367 and say here's what I'm relying on. Is it dismissal? What is it? We filed an amended complaint, and that is what the judge was looking at. The amended complaint alleged the same six claims, state law claims, breach of fiduciary duty. Why does a state law claim for breach of fiduciary duty require a copyright? Let them explain. You didn't ask them that, but that's an issue that's not explained. This case is different from the case they rely on, JustMed, because in JustMed the face of the complaint alleged a copyrighted work, proprietary software, and there was artful pleading in JustMed because proprietary software is a copyrighted work. Our complaint in state court did not mention computer software at all. It's like the Emperor's New Clothes. There is not an allegation. It's the Emperor's New Clothes with an emperor on the sidelines talking about copyright, and the district court thinks you made the argument several times. Here's the way the computer system works. It's similar to the way the ECF system works in this court. There is a set of computer servers that run a computer program. Third parties over the Internet transmit data to this computer system. In the court's case, it's pleadings. In our situation, it's medical data, facts from patients, that goes to this computer system that we ran for our program for our research study with our employees, with our contractual relationships, with our sponsors. And what the defendants did was they took that computer system and they redirected it to an Amazon Web Services account. Counsel, we've read this. We know this, but we're trying to get a feeling. There is no copyrighted work alleged in our complaint. There is no artful pleading. Counsel, you've made that argument repeatedly through your briefing, and I promise we've read and reread your briefing, but the district court thought otherwise, and why is he wrong? Because it's de novo review, so you're not deferring to the district court. If our complaint had been filed in federal district court, it would have been subject to dismissal for lack of jurisdiction because it does not allege any federal claim, it does not allege a copyrighted work like JustMed that could be the subject of a work-for-hire dispute. It does not allege, as JustMed did, a dispute with the defendants over whether they were employees or independent actors. Right, so if we go with that argument, it seems to me then that what we're really saying is that there was an error in the first order, and in the second order, the district court recognized that and recognized that you not only aren't advancing, but that you never did advance. It's not a question of error, Your Honors. This is federal jurisdiction. This is a question of whether this case should even be here in this court. That is the question. Was there federal jurisdiction? Yes. And you raise the issue of ownership, which kind of indicated that you were considering a federal claim. We raised the issue in response to the argument from the defendants. The argument they made in opposition to the injunction was this computer, UC computer system, that had been taking data and storing it on servers on campus, that they moved to the Amazon cloud account. The injunction was over control of that Amazon cloud account, which we own because we have a contract with Amazon that says that that's our computer system. Their argument was the people left at UCSD are not smart enough to run this program, and it would risk harm to the studies if you granted an injunction that prohibited the defendants from continuing to use UCSD's Amazon computer system at their new institute. So in response to that specialized knowledge argument that we're the only ones who know how to run this, we responded, that doesn't provide them with any legal right. If you look, state or federal law, they have no legal right. They don't have a leg to stand on. And just because we say they don't have a leg to stand on under federal law doesn't mean we're basing our six state law claims on any issue of federal law. Where did the court identify the 1367 factor? I'm sorry. I'm looking to the order, and I don't see where... That's opposing counsel's argument, that we require on remand that the court identify the 1367 reason for remand. Is it dismissal? It's the elimination of the federal claim. The way Judge Benitez looked at this was that our six state law claims, even though we did an alleged copyrighted work, because of going outside the well-pleaded complaint rule and looking at arguments outside the complaint, responding to issues that are irrelevant to our claims, he said, well, that's enough for me to create federal jurisdiction here. And that's wrong because it's a violation of the well-pleaded complaint rule. There was no artful pleading. So that was error. And he viewed it as when we amended our complaint and we inserted additional language that said, we are not relying on copyright law just like we told you. Not just meant, not just meant, not just meant. Yes, and Judge Benitez viewed that as removing the issue that we said was never there in the first place. Which is dismissal. He's dismissing a claim that you say you never had, right? You could look at it that way. Do you have some other way to look at it under 1367? What else is there? I mean, our case law says there has to be a reason pursuant to the statute for the remand counsel, so really I don't mean to be mean, but it is your opportunity to tell us what is it. Well, whether it's a dismissal by the court or the filing of amended complaint that drops the federal claim, that is a basis for remanding. Counsel, if you're relying on case law, if you think we've got case law that says you can get a remand after you're in federal court by filing an amended complaint that dismisses a claim. Yes, and we cited that in our brief. It voluntarily dismisses a claim and you think it doesn't implicate the forum shopping concern? It does not implicate forum shopping, Your Honor, to send state law claims. I wanted to be in state court the whole time. We're not shopping for a different forum from the one we brought the case in. They're the ones who are shopping for a different forum. And I don't think you're intentionally missing this. I'm sure you're not. You've been over it and over it. But the problem is having your cake and eating it too. That is their argument. That you didn't include the claim, that you argued it in part, and you did, in order to get the injunctive relief. And now you're dismissing it. We did not need to allege ownership of anything to obtain injunctive relief. But you did. You did. We argued that they didn't have ownership under the work-for-hire doctrine of anything. These were employees of the University of California who stole a research program. They didn't have any right as employees, as owners of property, as authors of copyrighted works, they didn't have any right to take any of this. So your time is ticking, and I'm just wondering, could you respond to the record sites that show that your client invoked copyright? We mentioned it in briefing, Your Honor. That's stipulated. We were responding to arguments that are irrelevant to our claims. Conversion does not require ownership. If you steal my library book, I have a claim for conversion. All that conversion requires is possession. Computer crimes under California Penal Code 502 doesn't require that the owner of the computer system prove that they own the copyright in the software that's running on the system. If I steal your laptop, that's what they did here. They took a computer system. Why is it that state law requires a plaintiff to plead and prove ownership of the copyright in the software that's running on that laptop that's been stolen? They have muddied the issues in order to avoid enforcement of the state court injunction, and they're continuing to do that because they want control over our computer system to run their program, and that was a breach of fiduciary duty by Dr. Azen. It was wrongful, and the district court abused no discretion in remanding purely state law claims to the state court. Would you like to answer my question? If you could reorient me, Your Honor. The question is, it sounds to me like what you're arguing is that S.E.R. 306 and S.E.R. 307, when you invoke copyright, that you did so in response to their arguments, that it was never your intention to assert a copyright claim. Yes, that's absolutely right. It was not in the complaint. And further, I think the logical end result is that you think the first order was incorrect. Yes. Thank you. Any further questions? Thank you. No. Very briefly, Your Honor, U.S. State asserted in securing this injunction that the only relevant issues were ownership of the EDC system and the ADCS data, and they claimed that it was owned by plaintiff, the Regents. They claimed it was owned by plaintiff, the Regents, as clearly set out in the Copyright Act, and that was... Right, but he's conceded that point. It wasn't easy, but he's conceded the point, which is that they made noises about copyright, and he's saying it was incorrect for the district court to understand that they were asserting the claim because the first complaint didn't and the second complaint didn't, and they've made that very clear, which is why the district court has said you will not be heard anymore to be making noises about copyright. Why is that error? On page 49 of their current brief to this court, and I quote directly, just because a case involves a copyright does not mean that federal subject matter jurisdiction exists. They have not dropped copyright as a basis for ownership. On pages 27 to 28 of their brief, they continue to call us out for not obeying an injunction which was explicitly based on their likelihood of success as to ownership. Even today, Your Honour, I have not heard any other basis for them to claim ownership, and yet, Mr. Sharpe... Why isn't that his problem on remand? Why isn't that U.S.? Well, because he's not entitled to a remand unless 1367c3 is met. I think you're right about that as a matter of law, and so it seems to me, though, that what this district court order does, the one that's actually on appeal, is to say I'm dismissing it already. You know, if you ever had it, you don't have it anymore, and you're not going to be heard going forward. Isn't that 1367c? No, because what 1367c refers to is the dismissal of federal claims, Your Honour. There have been no federal claims dismissed here. Is there any other reason for the district court to assert jurisdiction in the first place? The only reason to assert jurisdiction in the first place is the same reason it recognizes that it has jurisdiction right now... Copy. ...which is that this case turns, underlying every one of the theories that they've put forward, is stealing our computer system, stealing our data. Indeed, in the first remand order, the district judge specifically recognized that the amended complaint did not eliminate all copyright issues because it might still apply to the collection of data. And as you heard Mr. Sharp here today, he repeatedly said that the essence of this case is stealing the system and stealing the compilation of data. And just to repeat, Your Honour, that system and that compilation is protected, if at all, only under the copyright law. Thank you. At a minimum, Your Honour, we would ask that, at a minimum, this be remanded to Judge Benitez to explain exactly how he was coming under 1367c since executive software makes clear that you need to state your reasons and none of these reasons reference that statute. Thank you. Thank you very much. Thank you both for your arguments. Thank you. Your Honour, with permission, page 52 of our brief has the two cases where amended pleadings were filed as the basis for remand. I've got it. Thank you, counsel. Thank you. Thank you all.
judges: Fernandez, Christen, Marshall